WENTWORTH, Judge.
This is an appeal from an order of the circuit court for Duval County which granted attorney’s fees of $600 to one who filed a petition for appointment of counsel for a minor in HRS emergency shelter care. Fees for the appointed counsel for the child are not involved.
R.S., a minor child, was placed in an HRS emergency shelter as a runaway on Octo *778 ber 28, 1983. A detention order was entered on October 31. The minor’s parents were contacted, but refused to have the child return home due to extensive behavioral problems. On November 17, a dependency petition was filed by HRS. alleging that the child was dependent because of ungovernability and runaway behavior. Five days later, an aunt of R.S., represented by the attorney for whom fees were awarded by the order on appeal, filed a petition for review requesting, inter alia, an independent psychiatric examination and appointment of counsel for the child. The HRS dependency petition and the aunt’s review petition were considered by the trial court on December 16, without final disposition other than appointment of counsel for the child. The child’s counsel presented a counter-petition alleging emotional neglect and abandonment. The court temporarily placed R.S. with an unrelated family until a hearing set for January 23.
Counsel for the parties conferred and then submitted a plan to place R.S. at a specified facility for treatment. The plan provided for visitation by family and others, with the goal that R.S. eventually be reunited with his parents. The court approved the basic plan with all counsel in agreement, and adjudication of dependency was expressly withheld.
The trial court subsequently ordered HRS to pay the aunt’s attorney’s fees, citing § 39.41(l)(g), Florida Statutes. In doing so, the court reasoned:
... This is a unique case. The aunt, through her attorney, took legal action to obtain an attorney for the child and an independent psychiatric evaluation to determine if the child should be labeled a dependent — ungovernable or truly dependent child and to reexamine continued placement. The end result was acceptance of a plan agreed to by all parties .... Counsel for the aunt afforded the child safeguards for his well being and welfare. The resulting agreement of the parents and the child for placement and treatment will hopefully be helpful to both parents and child.
The court stressed that R.S. had been detained at the HRS emergency shelter from October 28, 1983, to November 22, 1983, pointing out that § 39.402(7), Florida Statutes, provides that no child may be held in shelter care for more than fourteen days unless an order of adjudication has been entered. The court noted there was no request for an extension until November 22, 1983, and no petition filed until November 17, 1983. The court concluded that HRS’ failure to review emergency shelter, file a petition, or schedule any hearing within the fourteen-day limitation “required the aunt to retain legal counsel.” The court thus determined that the agency’s conduct made it responsible for the attorney’s fees in question.
Section 39.41(l)(g), the trial court’s legal justification for its award, provides:
39.41 Powers of disposition.—
(1) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:

(g) Order the ... parents of such child ... to pay the person or institution having custody ... for the care, support, maintenance, ... The court may from time to time, after considering the financial resources of the persons financially responsible for the child’s care, order them, or any of them, to pay a reasonable amount for attorney’s fees and the cost of the party maintaining any proceeding under this paragraph or for the care, support, and maintenance of such child, including enforcement and modification proceedings. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name, (e.s.)
All powers granted by this section are expressly conditioned on, and may be exercised only after, a dependency adjudication. Because that does not appear to us to have occurred in this case, the statute does not support the award here, even assuming that the petition for which fees were awarded was one contemplated by the lan *779 guage authorizing fees for “the party maintaining any proceeding ... for the care ... of such child.” We conclude also that, whatever other remedies may exist for dereliction by HRS in the course of temporary emergency shelter care under Chapter 39, Florida Statutes, the agency in these circumstances was not one of the “persons financially responsible for the child’s care” against whom fees are authorized by the cited section of the statute. Because we are referred to no other basis or authority for an attorney fee assessment against HRS, we reverse the award.
THOMPSON and WIGGINTON, JJ., concur.